LYONS, Judge,
after stating the case, delivered the resolution of the Court as follows.
*The first question is, whether the appeal is properly brought up?
We are of opinion, that the power of the Court of Chancery ceased on the 10th of September 1794; when the next term after the making of the decree commenced; and, from that period, that it belonged to this Court only to determine on the sufficiency of the security; as the cause was then.here, and the Court of Chancery had no longer any control over it. Por the authority of that Court, according to the true construction of the act of Assembly, expired with the vacation, which followed the decree; and therefore its subsequent proceedings were altogether void. Of course the appeal having been granted in August 1794, and security given according to law, it must stand.
The next question is, whether a Court of Equity can supply the omission and defect in not recording the marriage articles, within eight months, according to the act of Assembly for regulating conveyances?
Chancellors in England have gone great lengths in supplying defects in conveyances, as appears from the case of Taylor v. Wheeler, 2 Vern. 564, and other cases cited at the bar; but we do not know what provisions or reservations there might have been in the act of Parliament or custom referred to in those cases, or in the bankrupt laws of that country alluded to in the argument.
The act of Assembly, for regulating conveyances in this state, was made to protect creditors and purchasers against secret trusts and latent titles; and for that purpose only: Since it contains a proviso, that the deed, although not proved within eight months, shall be binding between the parties, as it was at common law; and the proviso is an exception which proves the rule, that is to say, that the deed shall not bind any but the parties themselves.
*But when a statute says expressly, that a conveyance shall not bind, can a Court of Equity say that it shall? Surely that would be to repeal the act; and therefore equity will not interpose in such cases, notwithstanding accident or unavoidable necessity. Por the power of a statute is so great, that it has been said, that even infants would have been bound by the act of limitations, if there had been no exception with regard to them, contained in the statute itself.
It is true that there are no negative words, in the act of Assembly, to exclude the jurisdiction of a Court of Equity in the present case. But a Court of Equity must consult the intention of the Legislature as well as Courts of Law; and when the Legislature have determined a matter with its circumstances, a Court of Equity cannot intermeddle, or relieve against the express provisions of the statute.
Praud, however, is still left open for a Court of Equity 'to act upon; and if a creditor or purchaser has been guilty of a fraud, by preventing the deed from being recorded, or otherwise, Equity may still relieve; as no person ought to take advantage of his own fraud and obtain the benefit of the statute by undue means. Por the act was intended only to secure fair and honest creditors and purchasers ; and not to protect the fraud and circumvention of either of them.
But as the appellees, in this case, do not appear to have been parties or privies to any fraud, nor are even charged with it in the bill, they certainly are entitled to the full benefit of the act for securing their just debts; and the marriage agreement cannot now be set up in equity to defeat them: Especially as no excuse, for keeping up the marriage articles so long, is even alleged; if any could be admitted.
Rebecca Tucker does not shew any title to the slaves she claims; and, if she has any, she may recover at law.
*The other questions made are not now necessary to be determined: and therefore they are reserved for future discussion.
The decree of the Court of Chancery is to be affirmed.